IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE STATE OF LOUISIANA, by and through its attorney general, JEFF LANDRY, et al.,<br>PLAINTIFFS,<br><br>v.<br><br>HORSERACING INTEGRITY AND SAFETY AUTHORITY, INC., et al.,<br>DEFENDANTS. | CASE NO. 6:22-cv-01934-TAD-PJH |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENFORCE PRELIMINARY INJUNCTION AND FOR AN ORDER TO SHOW CAUSE WHY THE AUTHORITY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF COURT**

The Authority Defendants try to shirk responsibility for their contemptuous enforcement actions by doing everything they can to deflect attention away from their conduct. The Authority Defendants point to the U.S. Court of Appeals for the Fifth Circuit's order granting a partial stay of this Court's preliminary injunction. *See* Doc. 54 at 1. But that does not excuse the Authority Defendants' conduct from July 26—the day this Court entered the preliminary injunction "as to all Plaintiffs," Doc. 39 at 2—until the Fifth Circuit entered an administrative stay on the evening of August 3. The Fifth Circuit's later decision to grant a *partial* stay of the preliminary injunction on August 8 likewise does not excuse any blatant disregard of the injunction by the Authority Defendants or their agents while it was in full effect.

And this critical fact cannot be disputed: the Authority Defendants did not wait until the Fifth Circuit's August 3 administrative stay—or even until they filed their improper post-notice-of-appeal July 29 motion for clarification—before they began to enforce the enjoined HISA Rules against Plaintiffs. Instead, as Plaintiffs showed (Doc. 47-1 at 2-3), HISA representatives twice went out of their way on July 27—two days before the Authority Defendants brought their post-appeal motion for clarification in this Court—to tell the press and Plaintiff Jockeys' Guild that it intended to enforce

enjoined HISA rules against members of Plaintiff Jockeys' Guild outside of Louisiana and West Virginia. *See also* Doc. 47-2 (Meyocks Decl.).

And then, HISA did not even give the Court time to rule on its dilatory motion before it made good on its threats and enforced the enjoined HISA Rules against jockeys who are members of Plaintiffs' Jockeys Guild. As Plaintiffs pointed out in their motion, on July 29, HISA penalized Plaintiff Jockeys' Guild board member, Drayden Van Dyke, for a violation of the then-enjoined crop rule.[1] *See* Doc. 47-1 at 4-5.

All of this violates the nearly 50 years of Supreme Court case law—which the Authority Defendants had every reason to know about—making clear that a remedy granted to an associational plaintiff "will inure to the benefit of those members of the association actually injured." Doc. 47-1 at 3 (quoting *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977)). Yet instead of following the clear dictate of this Court's order, HISA immediately and defiantly flouted it.

Even acknowledging the Fifth Circuit's stay, this Court retains jurisdiction to enforce an injunction for the period it was in full effect. Doc. 47-1 at 6 n.4 (collecting cases confirming that a district court retains jurisdiction to enforce an injunction while the order is on appeal). And HISA made its defiance clear *before* the Fifth Circuit entered any sort of stay. To be clear, this contempt issue concerns only HISA's conduct before a stay was in effect. Regardless of the outcome of its stay motion at the Fifth Circuit and ultimate appeal, the Authority Defendants must follow court orders while they are in effect, even if the status of an order is later altered.[2]

---

[1] To identify just a few more examples, HISA stewards in Florida issued violations of the then-enjoined crop rule to two members of Plaintiff Jockeys' Guild on July 31 at Gulfstream Park in Florida: Edwin Gonzalez and Alisa Morrison. Stewards Ruling against E. Gonzalez (July 31, 2022) (Exhibit A) (issuing a $250 fine, one-day suspension, and points on Mr. Gonzalez's record to multiply penalties for a violation of HISA Rule 2280, the crop rule); Stewards Ruling against A. Morrison (July 31, 2022) (Exhibit B) (imposing the same penalties).

[2] Even if the Court was inclined to reserve judgement on this issue until remand, it could hold this motion in abeyance for the duration of the expedited appeal. *See, e.g.*, *Alabama Educ. Ass'n v. Bentley*,

Finally, as a further acknowledgment of the intervening Fifth Circuit order, Plaintiffs withdraw their request for personal contempt sanctions against the individual Authority Defendants, including as to Defendant CEO Lisa Lazarus, and seek contempt sanctions *only* as to HISA the organization.

Respectfully submitted,

Dated: August 12, 2022

*/s/ Elizabeth B. Murrill*

| | |
|---|---|
| TYLER R. GREEN* | JEFF LANDRY |
| DAVID L. ROSENTHAL* | Attorney General |
| CONSOVOY MCCARTHY PLLC | ELIZABETH B. MURRILL (LA. BAR NO. 20685) |
| 222 S. Main Street, 5th Floor |   Solicitor General |
| Salt Lake City, UT 84101 | BRETT A. BONIN (LA. BAR NO. 26806) |
| (703) 243-9423 |   Assistant Attorney General |
| |   Louisiana State Racing Commission |
| PATRICK MORRISEY | ELISABETH DAIGLE (LA. BAR NO. 39718) |
|   Attorney General |   Assistant Solicitor General |
| LINDSAY S. SEE** | LOUISIANA DEPARTMENT OF JUSTICE |
|   Solicitor General | 1885 N. Third Street |
| MICHAEL R. WILLIAMS* | Baton Rouge, LA 70804 |
|   Senior Deputy Solicitor General | Tel: (225) 326-6766 |
| OFFICE OF THE WEST VIRGINIA | murrille@ag.louisiana.gov |
| ATTORNEY GENERAL | boninb@ag.louisiana.gov |
| 1900 Kanawha Blvd. East Building 1, | |
| Room E-26 | *Counsel for Plaintiff State of Louisiana, Louisiana State Racing Commission* |
| Charleston, WV 25305 | |
| Tel: (304) 558-2021 | |
| Lindsay.S.See@wvago.gov | JOHN L. DUVIEILH (LA. BAR NO. 17575) |
| Michael.R.Williams@wvago.gov | JONES WALKER LLP |
| | 201 St. Charles Ave., Ste. 5100 |
| *Counsel for Plaintiff State of West Virginia, West Virginia Racing Commission* | New Orleans, LA 70170 |
| | (504) 582-8615 |
| | jduvieilh@joneswalker.com |
| *Pro Hac Vice admission granted | |
| **Pro Hac Vice application forthcoming* | *Counsel for Plaintiff Louisiana Horsemen's Benevolent and Protective Association 1993, Inc., Louisiana Thoroughbred Breeders Association, Jockeys' Guild, and the Individual Plaintiffs* |

---

2012 WL 13180515, at *4 (N.D. Ala.), *on reconsideration*, 2012 WL 13180511 (N.D. Ala.) (holding a motion "in abeyance, pending the outcome of the appeal").